**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1515
_____

UNITED STATES OF AMERICA

v.

TRANCE KALE,
also known as TRIZ,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:09-cr-00264-003)
District Judge:  Honorable John R. Padova
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2022

Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 10, 2022)
_____

**OPINION**<sup>*</sup>
_____

---

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Appellant Trance Kale appeals from an order of the United States District Court for the Eastern District for Pennsylvania denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1). For the reasons that follow, we grant the Government's motion and will affirm the District Court's ruling.

In 2009, a jury found Kale guilty of two counts of Hobbs Act robbery, one count of conspiracy to commit Hobbs Act robbery, two counts of using and carrying a firearm during a crime of violence, and two counts of possession with intent to distribute a controlled substance, all in connection with his participation in the robberies of two pharmacies in 2008. The District Court sentenced him to 32 years and a day in prison (which included mandatory consecutive sentences of seven and 25 years on the § 924(c) counts), plus a five-year term of supervised release, a special assessment, and restitution of nearly $59,000. We affirmed his conviction and sentence on appeal. United States v. Kale, 445 F. App'x 482 (3d Cir. 2011) (non-precedential). The District Court denied Kale's first motion under 28 U.S.C. § 2255, but a second motion based on the U.S. Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), remains pending in the District Court. Presently, the Bureau of Prisons anticipates that he will be released from prison on October 12, 2036.

In December 2020, Kale filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), contending that his obesity and asthma put him at a high risk of

severe illness or death should he contract the COVID-19 virus again.[1] (Kale contracted COVID-19 in October 2020 and recovered.) He also claimed that his sentences under § 924(c) violated the Double Jeopardy Clause.[2] An assistant federal public defender filed an amended motion in January 2021, reiterating the health concerns and also arguing that, if sentenced today under § 924(c) as amended in 2018 by the First Step Act, Kale would receive a significantly lighter sentence for those convictions than the "stacked" sentences he received.[3] Kale argued that these reasons meet the "extraordinary and compelling" requirement under § 3582(c)(1)(A). The Government opposed Kale's motion.

In February 2021, the District Court partially denied the motion because Kale's asserted medical conditions and the associated risks from COVID-19 did not constitute "extraordinary and compelling" reasons warranting release. See D. Ct. Order Feb. 25, 2021. The District Court stayed action on the rest of the motion pending our decision in

---

[1] More than 30 days before filing his motion in federal court, Kale submitted a request to the warden for a reduction in sentence. See § 3582(c)(1)(A).

[2] We held in United States v. Diaz, 592 F.3d 467 (3d Cir. 2010), that two § 924(c) convictions using a single predicate offense violated the Double Jeopardy Clause. Kale argued in his motion that his two convictions under § 924(c) were predicated on the one conspiracy to commit Hobbs Act robbery charge. But this is incorrect. In his case, the indictment reflects that his § 924(c) convictions were each predicated on two distinct crimes.

[3] The First Step Act changed the mandatory sentencing provision under § 924(c) to apply the 25-year minimum penalty for second or subsequent offenses only after a first § 924(c) conviction is final. For Kale, because his § 924(c) offenses were brought in the same case, he would not have been subject to the mandatory minimum consecutive sentence of 25 years under the amendment.

3

United States v. Andrews. We decided the Andrews appeal in August 2021. See id., 12 F.4th 255 (3d Cir. 2021). In a supplement filed after that, Kale conceded that Andrews foreclosed reduction of his sentence on the stacked § 924(c) sentences ground, but he asked the District Court to reconsider its denial of his motion on health grounds. See ECF No. 422. The District Court denied Kale's motion in full, finding that none of Kale's grounds were "extraordinary and compelling." See D. Ct. Order Mar. 17, 2022.

Kale filed this timely appeal. After Kale filed his informal opening brief, the Government moved for summary affirmance. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Kale did not file a response to that motion, and the deadline for doing so has passed.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for an abuse of discretion, see Andrews, 12 F.4th at 259, and we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (cleaned up). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We conclude that the District Court did not abuse its discretion by denying Kale's motion for compassionate release. On appeal, Kale does not challenge the District Court's denial of the motion on health grounds nor does he challenge the "stacked" §924(c) sentences issue, and accordingly, we will not reach those issues. Rather, he

4

presses his Double Jeopardy argument and asserts a new argument that he did not raise in the District Court.

Regarding the Double Jeopardy claim, Kale had argued that the two § 924(c) convictions were predicated on the single conviction for conspiracy to commit Hobbs Act robbery. However, the District Court rejected the factual premise of Kale's argument, noting that the superseding indictment (ECF No. 46) reflects that his § 924(c) convictions (Counts Five and Twelve) were predicated on the completed Hobbs Act robberies in Counts Four and Eleven, respectively. Accordingly, it found no Double Jeopardy violation and no "extraordinary and compelling" reason for release. See D. Ct. Order Mar. 17, 2022, at 1 n.1.

We discern no error of judgment with the District Court's denial of relief. First, we note that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Here, Kale asserts a constitutional claim challenging his conviction or sentence that is ordinarily cognizable under § 2255. Indeed, Kale tried to obtain relief on this very same ground nearly a decade ago when he filed his first motion under § 2255. The District Court rejected it then, and we declined a certificate of appealability. We agree with the District Court here that this previously rejected constitutional claim does not constitute an "extraordinary and compelling" ground for Kale's release.

Secondly, we will not reach Kale's nascent argument that he should have been

5

charged under 18 U.S.C. § 2118 for the robbery of pharmacies instead of being charged under the Hobbs Act, 18 U.S.C. § 1951(a).  Because Kale did not raise the claim in the District Court, we will not consider it on first impression here.  <u>Matter of Am. Biomaterials Corp.</u>, 954 F.2d 919, 927 (3d Cir. 1992) (explaining that we generally decline to consider an issue on appeal that was not raised in the District Court).

Accordingly, the Government's motion is granted,[4] and we will affirm the District Court's judgment.

---

[4] We also grant the Government's request for leave to file its motion out of time.